1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ROBERT CORTEZ,                          )   Case No.: 1:11-cv-00910 JLT (PC)
                                              )
12                       Plaintiff,           )   FINDINGS AND RECOMMENDATION
                                              )   DISMISSING THE ACTION WITH
13        v.                                  )   PREJUDICE
                                              )
14   JOE CHACON, et al.,                      )   ORDER DIRECTING CLERK OF THE COURT
                                              )   TO ASSIGN A UNITED STATES DISTRICT
15                       Defendants.          )   JUDGE TO CASE
                                              )
16   _____       )

17        Robert Cortez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this

18   civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his Complaint

19   on June 7, 2011.  (Doc. 1).  For the following reasons, the Court recommends Plaintiff's Complaint

20   be **DISMISSED WITH PREJUDICE**.

21   **I.   Screening Requirement**

22        When a plaintiff is proceeding *in forma pauperis*, the Court is required to review the

23   complaint, and shall dismiss the case at any time if the Court determines that the allegation of

24   poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which

25   relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such

26   relief."  28 U.S.C. 1915(e)(2).  A claim is frivolous "when the facts alleged arise to the level of the

27   irrational or the wholly incredible, whether or not there are judicially noticeable facts available to

28   contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

1

1   ## II.   Pleading Standards

2       General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.

3   A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a

4   short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for

5   the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ.

6   P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less

7   stringent standards" than pleadings drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21

8   (1972).

9       A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and

10  succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The

11  purpose of the complaint is to give the defendant fair notice of the claims against him, and the

12  grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

13  The Supreme Court noted,

14          Rule 8 does not require detailed factual allegations, but it demands more than an
            unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers
15          labels and conclusions or a formulaic recitation of the elements of a cause of action will
            not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further
16          factual enhancement.

17  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).

18  Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673

19  F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

20          [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim
            to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the
21          plaintiff pleads factual content that allows the court to draw the reasonable inference that
            the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard
22          is not akin to a "probability requirement," but it asks for more than a sheer possibility
            that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are
23          "merely consistent with" a defendant's liability, it "stops short of the line between
            possibility and plausibility of 'entitlement to relief.
24

25  *Iqbal*, 129 S.Ct. at 1949.  Where the factual allegations are well-pled, a court should assume their

26  truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the

27  pleading are not entitled to the same assumption of truth.  *Id.*  If the Court determines that the

28  complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that

1  deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-

2  28 (9th Cir. 2000) (en banc).

3  **III.  Plaintiff's § 1983 Claim**

4        Section 1983 of title 42 of the United States Code does not provide for substantive rights; it

5  is "a method for vindicating federal rights elsewhere conferred."  *Albright v. Oliver*, 510 U.S. 266,

6  271 (1994).  An individual may bring an action for the deprivation of civil rights pursuant to 42

7  U.S.C. § 1983, which states in relevant part:

8        Every person who, under color of any statute, ordinance, regulation, custom, or usage,
of any State or Territory or the District of Columbia, subjects, or causes to be subjected,

9  any citizen of the United States or other person within the jurisdiction thereof to the
deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

10  shall be liable to the party injured in an action at law, suit in equity, or other proper
proceeding for redress. . . .

11

12  42 U.S.C. § 1983.  A plaintiff must allege a specific injury and show causal relationship between the

13  defendant's conduct and the injury suffered by the plaintiff.  *See Rizzo v. Goode*, 423 U.S. 362, 371-

14  72, 377 (1976); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a connection shown where a

15  defendant "does an affirmative act, participates in another's affirmative acts, or omits to perform an

16  act which he is legally required to do so that it causes the deprivation of which complaint is made").

17  As with other claims, conclusory allegations unsupported by facts are insufficient to state a claim

18  under § 1983.  *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).

19        **A.   Plaintiff's Factual Allegations**

20        Plaintiff asserts this action under § 1983 against Joe Chacon, parole agent; Parole and

21  Community Services Office; and Armando Lopez Chacon, also known as Armando Chacon Lopez.

22  (Doc. 1).  Plaintiff seems to assert a wrongful cause of death action of his friend Lupe Martinez,

23  whom he contends was killed by Armando Chacon Lopez.  According to Plaintiff, his friend was

24  aware that Plaintiff was innocent of allegations made by Plaintiff's ex-wife, and his friend was

25  "murdered for financial gain."  (Doc. 1 at 2-3).  Plaintiff appears to seek an investigation into the

26  death of this friend, Lupe Martinez.

27  ///

28  ///

3

**B.  Discussion and Analysis**

Importantly, to plead a § 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).  Here, Plaintiff has the defendants were acted under the color of state law.  Most notably, Plaintiff fails to link Defendants to any deprivation of his *personal* federal rights.  Rather, Plaintiff alleges a criminal act and and seeks an investigation into the death of his friend.  Consequently, Plaintiff's Complaint fails to state a claim upon which relief may be granted by the Court.

**C.  Dismissal without leave to amend**

"A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9 th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  Leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not in bad faith, and is not futile." *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).  As a result, leave to amend should be denied "if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

Plaintiff has failed to state a claim for relief under § 1983.  Further, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); *Noll*, 809 F. 2d at 1448-49.

**IV.  Failure to Obey the Court's Orders**

After Plaintiff initiated this action, the Court ordered Plaintiff to complete and return a form regarding U.S. Magistrate Judge Jurisdiction.  (Doc. 3).  Plaintiff failed to complete the form, and on July 27, 2011, the Court instructed Plaintiff, for the second time, to complete and return the form regarding consent, which was to be returned within thirty days.  (Doc. 5).  Plaintiff failed to respond within the specified time period, and on September 12, 2011, the Court issued an order to show cause why the matter should not be dismissed for Plaintiff's failure to obey the Court's orders.  (Doc. 7).  Plaintiff was informed that failure to respond to the order to show cause or complete and return

4

1    the consent form would result in dismissal of the action without prejudice. *Id.* at 1.  To date,

2    Plaintiff has failed to respond to or otherwise comply with the Court's orders, though a response was

3    due by September 26, 2011. *See id.*

4         The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

5    party to comply with . . . any order of the Court may be grounds for the imposition by the Court of

6    any and all sanctions . . . within the inherent power of the Court." LR 110.  "District courts have

7    inherent power to control their dockets," and in exercising that power, a court may impose sanctions

8    including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831

9    (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute

10   an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v.

11   Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

12   requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.

13   1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421,

14   1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

15        In determining whether to dismiss an action for failure to obey a court order, the court must

16   consider several factors, including: "(1) the public's interest in expeditious resolution of litigation;

17   (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

18   policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

19   *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

20        In the case at hand, the public's interest in expeditiously resolving this litigation and the

21   Court's interest in managing the docket weigh in favor of dismissal.  The risk of prejudice to the

22   defendants also weighs in favor of dismissal, since a presumption of injury arises from the

23   occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d

24   522, 524 (9th Cir. 1976).  The policy favoring disposition of cases on their merits is outweighed by

25   the factors in favor of dismissal.  Notably, the as detailed above, Plaintiff failed to state a claim upon

26   which relief may be granted.  Finally, the Court's warning to Plaintiff that failure to obey the order

27   would result in dismissal satisfies the requirement that the Court consider less drastic measures.

28   *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  In the order dismissing Plaintiff's

complaint with leave to amend, the Court warned that failure to show cause or complete the consent form would result in dismissal of the action. (Doc. 7 at 1).  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's orders.

**V.  Order**

GOOD CAUSE being established therefor, the Court **HEREBY ORDERS**:

The Clerk of Court IS DIRECTED to assign a United States District Judge to this case.

**VI.  Findings and Recommendation**

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and any amendment would be futile.  In addition, Plaintiff failed to comply with the Court's orders regarding completion of the consent form (Docs. 3, 5) or the order to show cause why the matter should not be dismissed (Doc. 7).  Accordingly, it is **HEREBY RECOMMENDED**:

1.    Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**

2.    This dismissal count as a strike pursuant to 28 U.S.C. § 1915(g); and

3.    The Clerk of Court be DIRECTED to close this matter.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within FOURTEEN (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 13, 2011**                                    **/s/ Jennifer L. Thurston**
                                                                            UNITED STATES MAGISTRATE JUDGE

6